UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN D'AQUIN and DESTIN ANDRAS, individually and on behalf of those similarly situated. | * CIVIL ACTION NO. |
| | * SECTION: 21-cv-0126 |
| *Plaintiffs*, | |
| vs. | * COLLECTIVE ACTION |
| MASTER BUILDERS & CONTRACTORS, LLC, RICHARD J. MITHUN, ELAINE PIRIE, and ADRIAN FACIO. | * JURY TRIAL DEMANDED |
| *Defendants*. | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Kevin D'Aquin and Destin Andras, persons of the full age of majority domiciled in Eastern District of Louisiana, on their own behalf and on behalf of those similarly situated (at times hereinafter referred to collectively as "Plaintiffs"), hereby allege as follows:

### I. PARTIES

1. Plaintiff, Kevin D'Aquin, is an individual of the full age of majority and a resident of Jefferson Parish, Louisiana, and a former employee of Defendants.

2. Plaintiff, Destin Andras, is an individual of the full age of majority and a resident of Orleans Parish, Louisiana, and a former employee of Defendants.

3. Made Defendant herein, Master Builders & Contractors, LLC, (hereafter "Master Builders" or "Defendant Master Builders") is a Louisiana limited liability company with its domicile address at 3326 Prytania St., New Orleans, LA 70115.

4.     Made Defendant herein, Richard J. Mithun, (hereafter "Mithun" or "Defendant Mithun"), resides in the Eastern District of New Orleans, is the sole member and a manager of Defendant Master Builders, and manages and supervises Master Builders and its employees. Mithun exercises operational control over Defendant Master Builders, including over their pay policies and practices.

5.     Made Defendant herein, Elaine Pirie, (hereafter "Pirie" or "Defendant Pirie"), resides in the Eastern District of New Orleans, is a manager of Defendant Master Builders, and manages and supervises Master Builders and its employees. Pirie exercises operational control over Defendant Master Builders, including over their pay policies and practices.

6.     Made Defendant herein, Adrian Facio, (hereafter "Facio" or "Defendant Facio"), resides in the Eastern District of New Orleans, is a supervisor for Defendant Master Builders, and manages and supervises Defendant Master Builders' employees on various job sites.

7.     Whenever in this petition it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## II.     JURISDICTION AND VENUE

8.     This action alleges the violation of rights under the Fair Labor Standards Act (hereafter "FLSA").  Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. §1331. Furthermore, there exist additional state causes of action that arise

out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. §1367.

9. The Court has personal jurisdiction over Defendants since they regularly conduct business in the Eastern District of Louisiana, and therefore have minimum contacts with the State of Louisiana. Alternatively, the events or omissions giving rise to the instant lawsuit all occurred within Louisiana. Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b)(l) and (b)(2).

10. Defendants are engaged in commerce pursuant to 29 U.S.C. § 203(s).

11. Defendants' annual gross volume of sales made or business done has exceeded $500,000 for each year during the relevant time period.

12. Defendants are joint employers as defined under the FLSA and carry out a common business purpose and exercise unified operation and common control. See 29 C.F.R. § 791 *et seq*.

13. Defendants Mithun, Pirie, and Facio set company-wide pay practices and policies, including the policies complained of herein, giving rise to Plaintiffs' claims.

14. Plaintiffs hereby requests a trial by jury.

15. The amount in controversy satisfies the jurisdictional limits of this Court.

### III.   FACTUAL BACKGROUND

16. Plaintiff D'Aquin accepted employment with Defendants on about July 20, 2020.

17. Plaintiff D'Aquin was hired along with other similarly situated individuals to do manual labor for Defendants.

18. Plaintiff D'Aquin's work, and those similarly situated to him, consisted of demolition work at the old Charity Hospital of New Orleans during his employment for Defendants.

19. Plaintiff Andras also accepted employment on about July 20, 2020.

20. Plaintiff Andras was also hired along with other similarly situated individuals to do manual labor for Defendants.

21. Plaintiff Andras' work, and those similarly situated to him, consisted both of manual labor demolition work at the old Charity Hospital of New Orleans, as well as construction and maintenance work at other locations where Defendants had projects.

22. Upon information and belief, Defendants were in a contractual relationship with the City of New Orleans related to Plaintiffs' manual labor work, and any violations noted herein may also be in violation of said contracts and/or City ordinances.

23. Plaintiffs D'Aquin and Andras were supposed to be paid a daily rate of $150.00 per day for the manual labor.

24. Plaintiffs were instructed each day on what location to go to and/or project to work on, what floor to report to, what time to arrive and leave, who to report to, and what to wear when on any site. Usually is was Defendant Facio, sometimes Defendant Mithun, directing employees on what to do.

25. From the start of their employment, Plaintiffs D'Aquin and Andras, and those employees similarly situated, were required to work very long hours, typically ten hour days for five days a week, sometimes even working six days per week, resulting in fifty hours per week or more. Thus, Plaintiffs D'Aquin and Andras, and those employees similarly situated, were worked fifty to fifty-five hours per week during their employment with Defendant Master Builders.

26. Each week, from the beginning of Plaintiffs D'Aquin and Andras employment with Defendants, Defendants Mithun, Pirie, and/or Facio would cut a Master Builders' employee pay

check of $750.00 each for Plaintiffs D'Aquin and Andras, representing five daily rates of $150.00 per day, but including no overtime for hours worked over forty.

27. However, Defendants would not give Plaintiffs the paycheck. Instead of tendering the $750.00 check to the Plaintiffs, one of the Defendants would forge the Plaintiffs' name on the endorsement line/back of the check and cash it at a bank. Defendant Facio would then deliver about $600.00 in cash in a bank envelope to each Plaintiff claiming that amount was the "take home" for employees from Master Builders. Plaintiffs D'Aquin and Andras, and all other similarly situated employees, were paid pursuant to this same scheme.

28. Plaintiffs D'Aquin and Andras were not correctly compensated for their regular hours worked due to one or more of Defendants' conversion, and also were not paid overtime for any hours worked in excess of forty (40). Plaintiffs know of others similarly situated to them who work/worked for Defendants under these illegal schemes.

29. Plaintiffs D'Aquin and Andras grew suspicious, and during the week of October 16, 2020, another employee advised that Defendant Master Builders had actually cutting checks with Plaintiffs names on them, and that it was suspected Defendants were forging the Plaitniffs' checks and stealing their wages.

30. On Monday, October 19, 2020, Plaintiffs D'Aquin and Andras immediately presented to Defendant Master Builders' office located at 4127 S. Claiborne Ave., New Orleans, LA 70125 to request an explanation of what had been going on with their pay, why they were not receiving overtime, and ask who had been taking the extra $150.00 that was supposed to be in their checks.

31. Plaintiffs D'Aquin and Andras spoke to Defendant Pilie who confirmed that Defendant Master Builders had been cutting checks each week of $750.00, not $600.00 which is

what Plaintiffs received, and that no overtime was paid on any checks. Defendant Pilie denied knowing anything about who received Plaintiffs D'Aquin and Andras' checks or who had cashed them.

32. On that same day, October 19, 2020, instead of addressing the labor and other violations complained of by Plaintiffs D'Aquin and Andras, Defendants spoke among one another and decided to immediately terminate Plaintiffs D'Aquin and Andras in retaliation and told them to leave each respective job site they were working at immediately.

33. Since the retaliatory termination, Defendants have also dropped off two Master Builders' checks in Plaintiffs D'Aquin mailbox, and one Master Builders' check in Andras' home mailbox, claiming to be the money stolen by Defendants each week from July 20, 2020 through October 19, 2020. Several thousand dollars of wages still remained unpaid.

34. On November 5, 2020, after several verbal requests were denied, Plaintiffs D'Aquin and Andras demanded payment of all unpaid wages since their unlawful termination, in writing. Defendants have refused.

35. Defendants' conduct further evidences Defendants' willful violations of the FLSA and the LWPA, which were not in good faith and, at times, fraudulent.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs hereby reallege and reincorporate all paragraphs set forth above.

37. Defendants' decision to pay manual laborers working on its projects a daily rate of pay, and refusing to pay overtime for hours worked over forty in a workweek, is a standard *modus operandi* for Defendants, i.e. the company policy and practice.

38. Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees who worked for Master

Builders, Defendant Mithun, Defendant Pirie, and/or Defendant Facio, within three years prior to the date of filing this lawsuit, and who were not paid overtime wages for hours worked over forty in a workweek..

39. Defendants operate with a purposeful common practice, policy, or plan to deny their employees their lawfully earned wages.

40. Plaintiffs are similarly situated to the remaining members of the Putative Class.

41. Plaintiff requests that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt in to this action.

## FAILURE TO PAY OVERTIME WAGES (29 U.S.C. § 207)

42. Plaintiffs hereby reallege and reincorporate all paragraphs set forth above.

43. The FLSA requires that employers pay employees at a rate not less than one and one-half times the regular rate at which he is employed for all hours worked beyond forty hours in a workweek. 29 U.S.C. § 207.

44. Plaintiffs and all Putative Class members were non-exempt employees of Defendants and were owed one and one-half times the regular rate for all hours worked over forty in a workweek.

45. Defendants operate with a purposeful and intentional practice of refusing to pay overtime wages to employees.

46. Defendants' nonpayment of overtime was and is knowing, willful, reckless, and not based in a good faith belief that their conduct was in accordance with the law.

## SECOND CAUSE OF ACTION
## LOUISIANA WAGE PAYMENT ACT (La. Rev. Stat. §§ 23:631-632)

47. Plaintiffs hereby reallege and reincorporate all paragraphs set forth above.

48. Defendants failed to pay Plaintiffs D'Aquin and Andras sums owed to them on or before the next regular payday, or no later than fifteen days, following the date of discharge.

49. Plaintiffs D'Aquin and Andras have made amicable demand of payment of their wages from Defendants, but have still not received the money owed to them.

50. Defendants' actions violate the Louisiana Wage Payment Act. Plaintiffs D'Aquin and Andras are entitled to full payment of unearned wages, plus penalty wages according to statute, and recovery of reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### CONVERSION AND MISAPPROPRIATION, FRAUD, UNFAIR TRADE PRACTICE

51. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

52. Defendants' actions in withholding monies from Plaintiff and the members of the collective amounts to Defendants' conversion of funds under Louisiana law. See La. Civ. Code art. 2315.

53. Defendants' scheme to forge employee names on employee checks, take wages for themselves, and present the remaining wages to employees also represents any illegal scheme of Defendants.

54. Defendants' a misrepresentations of a material facts was done so with the intent to deceive causing injury to Plaintiffs D'Aquin and Andras.

55. Defendants' conduct also constitutes unfair and deceptive methods, acts, and practices in trade or commerce that is highly offensive, unscrupulous, unethical, and immoral and is a violation of Louisiana's Unfair Trade Practices Act.

### FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT

56. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

57. As a direct and proximate result of the acts alleged herein, Defendants wrongfully deprived Plaintiffs and the members of the collective of substantial assets and were unjustly enriched by their direct receipt and retention of monies earned by the employees, and which were intended to be paid towards their earned wages.

## FIFTH CAUSE OF ACTION
## RETALIATION

58. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

59. Defendants' decision to terminate Plaintiffs D'Aquin and Andras on the same day that Plaintiffs D'Aquin and Andras discovered and complained of Defendants illegal pay schemes and fraud was in direct retaliation of Plaintiffs' legally protected conduct.

60. As a result of this conduct, Plaintiffs D'Aquin and Andras are owed punitive damages and lost front/back pay as a result of Defendants' unlawful termination. 29 U.S.C. § 216(b).

61. As a result of the actions of Defendants, Plaintiffs and the members of the collective have suffered the following damages, and/or are entitled to the following relief:

    a. Lost back wages;

    b. Lost future wages;

    c. Damages for emotional distress;

    d. Damages for humiliation and embarrassment;

    e. Punitive damages;

    f. Attorneys' fees, and;

    g. Other damages that will be shown at any trial or hearing of this matter.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

  a. That this case be allowed to proceed as a collective action;

  b. For an award of all unpaid wages, commissions, bonuses, and overtime;

  c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

  d. For an award of reasonable attorney's fees and costs of suit;

  e. For damages and penalties under the Louisiana Wage Payment Act;

  f. All compensatory and punitive damages as called for in the FLSA;

  g. For injunctive or equitable relief as provided by law;

  h. For pre and post-judgment interest to the extent provided by law; and

  i. For such other and further relief as may be just and proper.

        Respectfully Submitted:

        /s/ Kenneth C. Bordes
        **Kenneth C. Bordes (Bar #35668)**
        KENNETH C. BORDES,
        ATTORNEY AT LAW, LLC
        4224 CANAL ST.
        NEW ORLEANS, LA 70119
        P: 504-588-2700
        F: 504-708-1717
        E: KCB@KENNETHBORDES.COM